# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 15, 2024

Lyle W. Cayce
Clerk

No. 24-20223

Evia C. Osazuwa,

*Plaintiff—Appellant*,

*versus*

Walgreens,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-3053

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

This appeal concerns a pro se litigant's Title VII claims. She never filed a notice of appeal. Her appeal is therefore dismissed for lack of jurisdiction.

After filing her charge with the EEOC and obtaining her right to sue, the plaintiff-appellant, Evia C. Osazuwa, filed the instant complaint in the district court asserting an employment claim under Title VII for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20223

discrimination on the basis of race and national origin. After failing to file proof of service, the district court dismissed the case without prejudice to timely refilling under Federal Rule of Civil Procedure 4(m). Osazuwa, however, filed a motion for reconsideration, which the district court granted and reopened the case. Osazuwa again failed to file proof of service, and the district court again dismissed the case. Osazuwa then filed a motion for reconsideration, which the district court denied.

Subsequently, the district court docketed another letter from Osazuwa as a "notice of appeal." The word appeal is never used. Instead, it is clear that Osazuwa was again asking only for reconsideration of the district court's earlier dismissal: "I am asking you Honorable Judge George C Hanks, to reopen my case once again and give me the right amount of time [. . .] I am requesting for the case to be opened again."

"[I]f no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act. It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61, 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982) (quoting *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)). Because Osazuwa has failed to file a notice of appeal, we have no jurisdiction to review the case.

Accordingly, the appeal is

DISMISSED.

2